UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KENNETH GLENN COLE<br>813 Audrey Pl.<br>Dayton, Ohio 45406 | : <br> : <br> : <br> : | Case No. 3:24-cv-175<br><br>Judge: |
| Plaintiff, | : <br> : <br> : | **COMPLAINT WITH JURY DEMAND** |
| v. | : <br> : | **ENDORSED HEREON** |
| CITY OF DAYTON<br>300 N. Main Street<br>Dayton, Ohio 45402 | : <br> : <br> : <br> : <br> : | |
| Defendant. | : | |

Plaintiff Kenneth Glenn Cole states the following claims against the City of Dayton:

## PARTIES

1. Plaintiff Kenneth Glenn Cole (hereinafter, "Plaintiff" or "Lt. Cole") is a resident and citizen of the State of Ohio.

2. Defendant City of Dayton ("Defendant" or "the City") is a municipality organized under the State of Ohio, and encompasses a division known as the City of Dayton Fire Department.

3. Defendant is an employer within the meaning of state and federal law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §1331 because it arises under the laws of the United States, namely Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq.* and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et seq. The Court also has jurisdiction over Plaintiff's pendent statutory and common law state law claims under 28 U.S.C §1367.

5. This Court has personal jurisdiction over Defendant, which conducts business in this district.

6. Venue is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred within this Division and District and the unlawful conduct alleged in this Complaint has taken place within this Division and District.

7. Plaintiff filed timely charges of discrimination with the Ohio Civil Rights Commission ("OCRC"), which were dual filed with the Equal Employment Opportunity Commission ("EEOC").

8. Plaintiff was issued Notices of Right to Sue from the EEOC on March 18, 2024 (attached as Exhibits A and B).

9. This Complaint is timely filed within 90 days from receipt of that notice.

## FACTUAL ALLEGATIONS

10. Plaintiff Kenneth Cole was over 40 years old at the time of the incidents alleged in this Complaint and is African-American.

11. Plaintiff was employed with Defendant for over 30 years, from 1992 until his separation from employment in 2023.

12. At the time of his separation, Plaintiff held the position of Lieutenant in the City of Dayton Fire Department (hereinafter, "DFD").

13. Plaintiff was a loyal and dedicated employee.

14. Plaintiff was fully qualified for his position at all relevant times.

### The Historical Racism of the Dayton Fire Department

15. Defendant the City of Dayton and the DFD in particular have documented history of racial discrimination against African-Americans in their hiring and promotional practices.

16. In the late 1970's, the population of the City of Dayton was about 48% African-American and 52% Caucasian. In 2021-2022, the African-American population within the City of Dayton was estimated to be at 38%.

17. Although the DFD has had minorities in positions of leadership throughout the 1960's, 1970's, and 1980's, it did not have an African American Assistant Chief until 1988, when, as a result of negotiations between the NAACP and the City of Dayton, the Fire Captain James Richardson was promoted to Assistant Chief.

18. After Assistant Chief Richardson's resignation in 2001, Assistant Chiefs Lacey Calloway and Herbert Redden III were hired out of retirement after long careers with the Cincinnati Fire Department and the Memphis Fire Department respectively. Their hires ensured a level of diversity and equity at the highest echelons of the DFD.

19. In September 2008, the U.S. Department of Justice filed a pattern or practice Title VII complaint against the City alleging that the City's hiring practices resulted in a disparate impact on African-Americans.

20. In February 2009, just five months after the complaint was filed, the DOJ entered into a consent decree with the City with the intention of resolving the complaint; one aspect of the consent decree was the implementation of a hiring freeze due to the DFD's failure to recruit minorities.

21. Herbert Redden III, who was African-American, retired in 2012 as the Director and Chief of the DFD. During his tenure with the DFD from 2007-2012, which included the implementation of the consent decree, he successfully led the DFD in making progress.

22. Redden's impact was apparent during a 2nd step grievance hearing in 2007, when White firefighters David Thomas and Robert Hetzer recanted false written statements against Plaintiff, who was then a Firefighter before then-Assistant Chief Redden, resulting in a modified specification. That recanted false testimony before an African-American Assistant Chief served as a powerful

testament to the impact of Diversity, Equity, and Inclusion initiatives and their impact on the DFD, including on the disciplinary process.

23. However, as of 2022, the DFD Command Staff, District Chiefs, and top 40 positions comprised 39 individuals who identified as white male. The sole exception was Director and Chief Thomas Rice, who identified as Cherokee when interviewing for the Deputy Director position, but in other demographic data collected by the DFD, identifies as White.

**The October 23, 2022 Reprimand of Lt. Cole for a July 8, 2022 Incident**

24. Lt. Cole was served a written reprimand on October 23rd, 2022, for allegedly placing Engine 16 in service on July 8, 2022, after having responded to a "full arrest" run during which adult AED pads were utilized.

25. Allegedly, the crew informed Lt. Cole after the "full arrest" run on which the AED pads were utilized that Engine 16 did not have additional adult AED pads within the AED kit.

26. Lt. Cole is alleged to have placed Engine 16 in service before obtaining a new set of adult AED pads, and subsequently Engine 16 lacked the appropriate and required adult pads necessary for patient care on a cardiac arrest.

27. Engine 16's crew on the July 8, 2022 "full arrest" run included Lt. Cole and three other DFD employees; Lt. Cole was the only African-American member of the crew.

28. The DFD's past precedent has been to discipline the entire crew for missing equipment.

29. On or about October 22, 2021, Firefighter Eric Leavitt was disciplined along with his entire crew for losing their entire "AED Kit" on September 21, 2021.

30. On another recent occasion, both members of a crew, Firefighters Frazee and Topp, were reprimanded after a dose of Narcan was found to be missing and the seal broken from a drug bag.

31. Despite the DFD's past precedent, Lt. Cole was the only member of the Engine 16 crew who was disciplined with regard to the July 8, 2022 incident in which equipment was missing subsequent to the "full arrest" run.

**The August 21, 2022 Improper Backing Incident and September 23, 2022 Reprimand**

32. On August 21, 2022, Lt. Cole was the senior officer on a crew operating Engine 8. Lt. Cole was the only African-American member of the crew.

33. One of the other crew members backed Engine 8 into the door of Company 15

34. Lt. Cole notified Assistant Chief Fasnacht of the incident and the fact that one of the other crew members had caused the accident.

35. Assistant Chief Fasnacht came to Company 8 to investigate the incident. Despite the fact that Lt. Cole was the crew chief and, pursuant to the DFD's policies and practice, was responsible for investigating an incident that occurred under his command, Assistant Chief Fasnacht directed the other crew members and Lt. Cole to email their written statements directly to him.

36. Assistant Chief Fasnacht later called Lt. Cole and advised him that he and the driver were getting written reprimands for a preventable accident.

37. One of the other crew members, Quang Nguyenlu, had had a preventable accident earlier in the year and a second reprimand would have subjected him to a remedial driving program. Neither Firefighter Nguyenlu nor the non-driver other crew member was reprimanded.

38. Additionally, Assistant Chief Fasnacht departed from DFD policy and/or practice by signing Lt. Cole's name on the Notices of Investigation.

39. In all other DFD investigations over at least the two years prior to the Notices of Investigation issued related to this incident in which Lt. Cole was not the Lieutenant, the Lieutenant for a crew was the individual who signed the Notices of Investigation. In each of these other investigations, the Lieutenant issuing the Notices of Investigation was non-African-American.

40. In all other DFD investigations over at least the two years prior to the Notices of Investigation issued related to this incident in which Lt. Cole was not the Lieutenant, the Lieutenant for a crew was the individual who signed the Notices of Investigation. In each of these other investigations, the Lieutenant issuing the Notices of Investigation was younger than Lt. Cole.

41. When Lt. Cole, who was the supervising officer during the incident, and sought discipline the driver of the vehicle, objected to Assistant Chief Fasnacht's conduct of the investigation, and requested the written statements provided to Assistant Chief by the other members of the crew, Chief Fasnacht refused to provide those statements to Lt. Cole.

42. Lt. Cole was issued a reprimand on September 23, 2022.

## COUNT I

### (Race Discrimination – Title VII)

43. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

44. Plaintiff is African-American.

45. Plaintiff was fully qualified for his position at all relevant times.

46. Defendant's acts in discriminating against Plaintiff include, but are not limited to, treating him less favorably than similarly situated Caucasian employees and imposing discipline disparately because of his race.

47. Defendant's actions were willful, wanton, and malicious in nature.

48. As a direct and proximate result of Defendant's unlawful, discriminatory conduct, Plaintiff has been injured and is entitled to damages under Title VII.

## COUNT II

### (Race Discrimination – O.R.C. Chapter 4112)

49. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

50. Plaintiff is African-American.

51. Plaintiff was fully qualified for his position at all relevant times.

52. Defendant's acts in discriminating against Plaintiff include, but are not limited to, treating him less favorably than similarly situated Caucasian employees and imposing discipline disparately because of his race.

53. Defendant's actions were willful, wanton, and malicious in nature.

54. As a direct and proximate result of Defendant's unlawful, discriminatory conduct, Plaintiff has been injured and is entitled to damages under O.R.C. Chapter 4112.

## COUNT III

### (Age Discrimination – ADEA)

55. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

56. Plaintiff is over 40 years old.

57. Plaintiff was fully qualified for his position at all relevant times.

58. Defendant's conduct in discriminating against Plaintiff includes, but is not limited to, treating him less favorably than similarly situated, significantly younger employees and imposing discipline disparately on account of his age in violation of the ADEA.

59. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

60. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered injury and damage, and he is entitled to relief.

## COUNT IV

### (Age Discrimination - R.C. Chapter 4112)

61. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

62. Plaintiff is over 40 years old.

63. Plaintiff was fully qualified for her position at all relevant times.

64. Defendant's conduct in discriminating against Plaintiff includes, but is not limited to, treating him less favorably than similarly situated, significantly younger employees and imposing discipline disparately on account of his age in violation of the ADEA.

65. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

66. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered injury and damage, and he is entitled to relief.

WHEREFORE, Plaintiff Kenneth Cole prays for the following relief:

A. That Defendant be enjoined from further unlawful conduct as described in the Complaint;

B. That Plaintiff be reinstated in his employment;

C. That Plaintiff be awarded all lost pay and benefits;

D. That Plaintiff be awarded compensatory damages;

E. That Plaintiff be awarded punitive damages;

F. That Plaintiff be awarded liquidated damages;

G. That Plaintiff be awarded pre-judgment and post judgment interest;

H. That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than his compensation over several, separate tax years;

I. That Plaintiff be awarded reasonable attorneys' fees and costs;

J. That Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

Respectfully submitted,

*/s/ Niroshan M. Wijesooriya*
Niroshan M. Wijesooriya (0079780)
FREKING MYERS & REUL LLC
600 Vine Street, 9th Floor
Cincinnati, OH 45202
(513) 721-1975/Fax: (513) 651-2570
*nwijesooriya@fmr.law*

Attorney for Plaintiff Kenneth Cole

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Niroshan M. Wijesooriya*