# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **KENNETH GLENN COLE** | : | CASE NO. 3:24-cv-175 |
| **Plaintiff,** | : | |
| v. | : | **ANSWER OF DEFENDANT CITY OF DAYTON** |
| **CITY OF DAYTON** | : | |
| **Defendant.** | : | |

Now comes Defendant, City of Dayton, and for its answer to the Complaint of Kenneth Glenn Cole sets forth the following:

1. The allegations of Plaintiff's Complaint paragraph 1 are admitted.

2. The allegations of Plaintiff's Complaint paragraph 2 are admitted.

3. The allegations of Plaintiff's Complaint paragraph 3 are admitted.

4. The allegations of Plaintiff's Complaint paragraph 4 are statements of law as to which no admission nor denial is required.

5. The allegations of Plaintiff's Complaint paragraph 5 are admitted.

6. The allegations of Plaintiff's Complaint paragraph 6 are admitted.

7. The allegations of Plaintiff's Complaint paragraph 7 are denied.

8. Defendant admits that the letters as attached as Exhibit A and B to Plaintiff's Complaint are true copies of Determination and Notice of Rights issued by U.S. Equal

Employment Opportunity Commission on or about March 18, 2024.  The remaining allegations of Plaintiff's Complaint paragraph 8 are denied.

9. The allegations of Plaintiff's Complaint paragraph 9 are admitted.

10. The allegations of Plaintiff's Complaint paragraph 10 are admitted.

11. The allegations of Plaintiff's Complaint paragraph 11 are admitted.

12. The allegations of Plaintiff's Complaint paragraph 12 are admitted.

13. The allegations of Plaintiff's Complaint paragraph 13 are denied.

14. Defendant admits that Plaintiff held the requisite certification to serve as a firefighter for the City of Dayon.

15. The allegations of Plaintiff's Complaint paragraph 15 are denied.

16. The allegations of Plaintiff's Complaint paragraph 16 are denied for want of knowledge to form an opinion as to the truth thereof.

17. James Richardson was promoted to Assistant Chief in 1990.  The remaining allegations of Plaintiff's Complaint paragraph 17 are denied.

18. The allegations of Plaintiff's Complaint paragraph 18 are admitted.

19. The allegations of Plaintiff's Complaint paragraph 19 are admitted.

20. The allegations of Plaintiff's Complaint paragraph 20 are admitted.

21. The allegations of Plaintiff's Complaint paragraph 21 are admitted.

22. Defendant admits that during a second step grievance hearing in 2007 concerning Kenneth Cole before chief Larry Collins.  The remaining allegations of Plaintiff's Complaint paragraph 22 are denied.

23. In 2022, the DFD command staff, District Chiefs and top 40 positions in the department identified as white males.  The remaining allegations of Plaintiff's Complaint paragraph 23 are denied.

24. The allegations of Plaintiff's Complaint paragraph 24 are admitted.

25. The allegations of Plaintiff's Complaint paragraph 25 are denied.

26. The allegations of Plaintiff's Complaint paragraph 26 are admitted.

27. The allegations of Plaintiff's Complaint paragraph 27 are admitted.

28. The allegations of Plaintiff's Complaint paragraph 28 are denied.

29. The allegations of Plaintiff's Complaint paragraph 29 are admitted.

30. The allegations of Plaintiff's Complaint paragraph 30 are admitted.

31. Defendant admits that Lt. Cole was the only member of Engine 16 who was disciplined with regard to the July 8, 2022, incident.  The remaining allegations of Plaintiff's Complaint paragraph 31 are denied.

32. The allegations of Plaintiff's Complaint paragraph 32 are admitted.

33. The allegations of Plaintiff's Complaint paragraph 33 are admitted.

34. The allegations of Plaintiff's Complaint paragraph 34 are admitted.

35. Defendant admits that Assistant Chief Fasnacht came to Company 8 and requested that the crew members and Lt. Cole email written statements to him.  The remaining allegations of Plaintiff's Complaint paragraph 35 are denied.

36. The allegations of Plaintiff's Complaint paragraph 36 are admitted.

37. The allegations of Plaintiff's Complaint paragraph 37 are admitted.

38. The allegations of Plaintiff's Complaint paragraph 38 are denied.

39. The allegations of Plaintiff's Complaint paragraph 39 are denied.

40. The allegations of Plaintiff's Complaint paragraph 40 are denied.

41. The allegations of Plaintiff's Complaint paragraph 41 are admitted.

42. The allegations of Plaintiff's Complaint paragraph 42 are admitted.

43. Defendant incorporates the foregoing paragraphs as if fully rewritten.

44. The allegations of Plaintiff's Complaint paragraph 44 are admitted.

45. Defendant admits that Plaintiff held the requisite certification to serve as a firefighter for the City of Dayon.

46. The allegations of Plaintiff's Complaint paragraph 46 are denied.

47. The allegations of Plaintiff's Complaint paragraph 47 are denied.

48. The allegations of Plaintiff's Complaint paragraph 48 are denied.

49. Defendant incorporates the foregoing paragraphs as if fully rewritten.

50. The allegations of Plaintiff's Complaint paragraph 50 are admitted.

51. Defendant admits that Plaintiff held the requisite certification to serve as a firefighter for the City of Dayon.

52. The allegations of Plaintiff's Complaint paragraph 52 are denied.

53. The allegations of Plaintiff's Complaint paragraph 53 are denied.

54. The allegations of Plaintiff's Complaint paragraph 54 are denied.

55. Defendant incorporates the foregoing paragraphs as if fully rewritten.

56. The allegations of Plaintiff's Complaint paragraph 56 are admitted.

57. Defendant admits that Plaintiff held the requisite certification to serve as a firefighter for the City of Dayon.

58. The allegations of Plaintiff's Complaint paragraph 58 are denied.

59. The allegations of Plaintiff's Complaint paragraph 59 are denied.

60. The allegations of Plaintiff's Complaint paragraph 60 are denied.

61. Defendant incorporates the foregoing paragraphs as if fully rewritten.

62. The allegations of Plaintiff's Complaint paragraph 60 are admitted.

63. Defendant admits that Plaintiff held the requisite certification to serve as a firefighter for the City of Dayon.

64. The allegations of Plaintiff's Complaint paragraph 64 are denied.

65. The allegations of Plaintiff's Complaint paragraph 65 are denied.

66. The allegations of Plaintiff's Complaint paragraph 66 are denied.

## FIRST AFFIRMATIVE DEFENSE

67. Plaintiff has failed to state a claim or claims on which relief can be granted against this answering Defendant. The alleged historical information averred by Plaintiff has no bearing on the reprimand issued to Plaintiff for deficiency in his work.

## SECOND AFFIRMATIVE DEFENSE

68. Plaintiff was not terminated from his employment with the City of Dayton on account of the reprimands issued to Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

69. The City of Dayton has not disparately treated Plaintiff with respect to his race, ethnicity or age, or any other protected classification.

## FOURTH AFFIRMATIVE DEFENSE

70. The discipline imposed on Plaintiff for each of the events described in Plaintiff's Complaint comported with the procedures outlined in the Collective Bargaining Agreement which governed Plaintiff's employment with the City.

## FIFTH AFFIRMATIVE DEFENSE

71. Plaintiff was terminated from his employment with the City as a Lieutenant in the Fire Department based on falsification and harassment of his subordinate. That matter was fully and fairly litigated before the Dayton Civil Service Board resulting in a decision adverse to Plaintiff. Plaintiff has never taken any appeal or further action to challenge that decision and it is final and binding.

WHEREFORE, Defendant City of Dayton demands judgment of dismissal of all claims of Plaintiff Kenneth Glenn Cole and its costs herein expended.

Respectfully submitted,

/s/ THOMAS M. GREEN
THOMAS M. GREEN
Bar Number 0016361
Attorney for Defendant, City of Dayton
Green & Green, Lawyers
800 Performance Place
109 North Main Street
Dayton, Ohio 45402-1290
Tel.   937.224.3333
Email:  tmgreen@green-law.com
Fax   937.224.4311

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been filed electronically through the Court's electronic filing system on the date stamped above. Notice was sent to all parties through operation of the Court's electronic system. Parties may access the filing through said system.

/s/ THOMAS M. GREEN
THOMAS M. GREEN