IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OHIO
WESTERN DIVISION AT DAYTON

KENNETH GLENN COLE            Case No. 3:24cv175

    Plaintiffs,                             District Judge Walter H. Rice

vs.

CITY OF DAYTON

    Defendants.

---

## AMENDED PRELIMINARY PRETRIAL CONFERENCE ORDER; NEW TRIAL DATES AND OTHER DATES SET

---

The captioned cause came on to be heard upon a further preliminary pretrial conference on March 20, 2025.

## PERTINENT SETTINGS

1. Required disclosures under Fed. R. Civ. P. 26(a)(1):      **EXPIRED as of 4/2/2025**

2. Settlement demand by Plaintiff upon Defendant to be made by:      **5/1/2025**
   Responses to Plaintiff:      **6/2/2025**

3. Written notification to Court re: <u>contingent consent or Refusal to Magistrate Judge for trial purposes only</u>:*      **Parties have given consent; the Court will act as the backup Judge.**

4. Cut-off date for filing of motions directed to pleadings (including motions to dismiss filed pursuant to Fed. R. Civ. P. 12):      **4/28/2025**

5. Cut-off date for filing of motion to amend and to add parties:      **4/28/2025**

6. Identification of lay witnesses with synopsis of their

1

|   |   |
|---|---|
| testimony to be filed by: | **8/20/2025** |

7. The dates to reveal the identity of expert witnesses and to provide a copy of the expert's report (Rule 26(a)(2)(B)) or the subject matter and summary of facts and opinions for experts not required to prepare reports (Rule 26(1)(2)(C)) are:

|   |   |
|---|---|
| Plaintiff(s) to Defendant(s) | **8/20/2025** |
| Defendant(s) to Plaintiff(s) | **8/20/2025** |
| Rebuttal Expert(s) | **9/30/2025** |

8. Request for admissions: **9/16/2025**

9. Cut-off **DEADLINE** for discovery: **10/17/2025**

10. Status conference following discovery deadline to explore ADR options: **Tuesday, 10/21/2025 at 5:00 pm**
    (By telephone with Judge Rice who will manage case from this point forward to resolution or trial unless otherwise ordered.)

11. Cut-off date for filing of motions for summary judgment: **11/14/2025**

12. Cut-off date for all other pretrial motions, i.e., motions in limine, motions for a view, etc.: **Tuesday, 2/17/2026**

13. Joint Final Pretrial Order by parties to be filed no later than: **Tuesday, 2/24/2026**

14. Trial exhibits to be exchanged by: **Friday, 2/27/2026**

15. Final Pretrial Conference to be held:

    By Telephone Conference Call on: **Tuesday 3/3/2026 at 5:00 pm**

16. Deadline for submitting proposed jury instructions, including verdict forms and interrogatories (with additional copy to be submitted to the Court in Word format to rice_chambers@ohsd.uscourts.gov), and original copies of depositions, with designations, that counsel intend to use at trial: **At least 10 days prior to trial**

2

| | |
|---|---|
| 17. Deadline for submitting counter-designations: | **At least 5 days prior to trial** |
| 18. Trial on the merits, to a jury, beginning: | **Monday, 3/16/2026 at 9:00 am** |
| 19. Law Clerk assigned to case: | Daniel L. Wiest |
| 20. Magistrate Judge assigned to case: | Peter B. Silvain Jr. |

## ARTIFICIAL INTELLIGENCE ("AI") PROVISION

No attorney for a party, or a *pro se* party, may use Artificial Intelligence ("AI") in the preparation of any filing submitted to the Court. Parties and their counsel who violate this AI ban may face sanctions including, *inter alia*, striking the pleading from the record, the imposition of economic sanctions or contempt, and dismissal of the lawsuit. The Court does not intend this AI ban to apply to information gathered from legal search engines, such as Westlaw or LexisNexis, or Internet search engines, such as Google or Bing. All parties and their counsel have a duty to immediately inform the Court if they discover the use of AI in any document filed in their case.

*In order to guarantee the availability of a judicial officer to try your case on the date set in this entry, it is the request of the Court that each counsel speak with his/her client as to the possibility of consenting to a referral to the Magistrate Judge for purposes of trial only. In this fashion, the undersigned will handle all aspects of this litigation subsequent to the discovery cut-off including the trial (if he is available). If the undersigned is otherwise committed in trial on the date set for trial herein, the Magistrate Judge who has managed the case through the discovery cut-off will be able to try this case. Absent a referral to the Magistrate Judge (and it is always the right of the party to so refuse), the undersigned will try this case on the date set, or upon a very short-term trailing docket thereafter, even if it means trying more than one case at a given time. Please notify

the Court in writing as to your client's wishes in this regard not later than 20 days from the date of the preliminary pretrial conference.

There will be no continuation of discovery beyond the discovery cut-off date, absent express approval of the Court or the Magistrate Judge obtained upon showing of good cause.

The discovery "cut-off" deadline means that **ALL** discovery must be concluded, as opposed to simply requested, by the discovery "cut-off" date. Purely as a hypothetical example, request for the production of documents, with a 28-day response time, must be served upon the opposing party in sufficient time to allow said party to respond prior to the discovery "cut-off" date.

Except for good cause shown, no extension of the discovery "cut-off" deadline will be allowed if such extension would impact adversely on the date set for the filing of motions for summary judgment or the trial date set herein.

In order to make certain that progress towards disposition of the captioned cause does not become "gridlocked" by discovery disputes, this Court would offer an invitation to counsel of record, should such a discovery dispute arise, prior to the discovery cut-off deadline, and, further, should the parties have exhausted all extra-judicial means of resolving same, to call the Magistrate's office, in order to advise the Magistrate's Courtroom Deputy of the need for a brief discovery conference. The Magistrate will then convene a brief discovery conference in the hope of resolving the impasse without the necessity of filing motions to compel, motions for protective order, etc.

**\*\*Pursuant to 28 U.S.C. §636(b), this case is hereby referred to the assigned United States Magistrate Judge from the date of this Order until the discovery cut-off date set herein on any extension granted by the Magistrate Judge or District Judge. At which time Judge Rice will assume management of said case through resolution or trial, unless otherwise ordered. The Magistrate Judge to whom the case is referred is authorized to perform any and all**

4

functions authorized for full-time United States Magistrate Judges by statute, including, without limiting the generality of the foregoing, all motions to remand removed cases to state court, all motions to dismiss or for judgment on the pleadings under Fed. R. Civ. P. 12, and all discovery-related motions. In each such case, the Magistrate Judge shall proceed in accordance with Fed. R. Civ. P. 72.

IT IS SO ORDERED.

Date: 4-25-25

*Walter H. Rice*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE